BARHAM, Justice
(dissenting).
Humble Pipe Line Company seeks a servitude of approximately eight acres of land belonging to Wm. T. Burton Industries, Inc., to construct and maintain an additional pipeline within a previously acquired right of way or servitude. Although the land, presently planted in sugar cane, is used for agricultural purposes, it is accepted that the highest and best use of the land is for industrial purposes. The determination to be made is the value to be assigned to the property rights expropriated; the issue of damages to the remainder caused by severance is not presented.
The defendant-relator, which has been awarded a judgment based upon a market value of $1300.00 per acre for industrial property, complains that it is entitled to additional compensation for the standing crop of cane and the additional years of reseeding and growth expected from that crop. The rule of law is so well settled as to gainsay the need for repetition that the compensation to be awarded in expropriation suits is the market value of the property taken, that is, the price which would be agreed upon between'a willing and informed buyer and a willing and informed seller. State *183 through Department of Highways v. Hayward, 243 La. 1036, 150 So.2d 6, and authorities there cited. It is immaterial whether the property be valued as agricultural land or as industrial land if in fact the court’s determination reflects the true and real value upon the open market of the total property right taken. If a growing crop upon the land, a deposit of valuable materials in or under the land, or any improvement upon the land increases the market value of the property as related to its highest and best use, the owner must be given the benefit of that value.
Admittedly a willing purchaser of farm land will pay more for the land with a growing crop than for only tillable soil. However, it is not so easily resolved that a willing buyer of industrial land would pay an additional amount for a growing crop. It is conceivable that a harvestable crop would be a consideration in arriving at value in the minds of both seller and buyer even in a sale for industrial use.
We said in State through Department of Highways v. Hayward, supra, and State through Department of Highways v. D. H. Sanders Realty Co., Inc., 244 La. 934, 155 So. 2d 24, that growing crops and timber upon the land and minerals and other deposits in or under the land are circumstances to be considered as they affect the market value of the land, but that they do not form an additional and separate value for the purpose of just compensation. The growing crop has value only if and to the degree it enhances the market value of this property for industrial use as viewed by a willing buyer and a willing seller. It is certainly error to assign damages for the loss of future crops, but it is also error to assign a separate value, in the nature of damages, for the one growing crop. The majority would remand to the appellate court with instructions to' determine the amount due the defendant as damages for its crop. Apparently they would award not only the value of the growing crop as a loss separate and apart from the value of the land, but also would award as damages the losses of future crops and profits and even the defendant’s cost in preparing the land for production of the crop.
The majority opinion has repeatedly used the word “damages”, which is inappropriate. “Damages” in expropriation matters usually refers to the loss incurred by the landowner from a partial expropriation and the consequently diminished value of the remainder. One who has been awarded the full value of the thing taken (land or servitude) cannot also claim as damages the benefits expected had he retained that which he has sold or which is expropriated. In other words, one cannot recover twice. The sale of land or servitude over the land is a severance of title to that extent, and the benefits, rents, profits, etc., resulting from ownership flow to the new owner. The owner of property expropriated is entitled to no greater compensation for his property *185 rights than is a willing seller. In the contemplation of the law the disadvantage to the owner of a forced sale is in theory balanced by the fact that the taking is for a public purpose and benefit.
As the record before us does not reflect whether the sugar cane crop enhanced the value of this property for industrial purposes or whether the appraisers’ estimates of value did in fact reflect the presence or absence of benefits from the crop, I would remand to the trial court for further evidence. I respectfully dissent.
Rehearing denied.
McCALEB and BARHAM, JJ., dissent from the refusal to grant a rehearing.